2 U.S. 384 (____)
2 Dall. 384
THE UNITED STATES
versus
WORRALL.
Supreme Court of United States.

*388 On these facts, M. Levy, for the defendant.
The Attorney of the District (Rawle) replied.
BY THE COURT:  The letter appears by its date to have been written in Pennsylvania; and it is actually delivered by the defendant at a post office in Pennsylvania. The writing and the delivery at the Post-Office (thus putting it in the way to be delivered to Mr. Coxe) must be considered, in effect, as one act; and, as far as respects the defendant, it is consummated within the jurisdiction of the Court. We, therefore, think, that the first count in the indictment is sufficiently supported. But, on the second count, there can be no possible doubt, if the testimony is credited. The defendant, in the city of Philadelphia, unequivocally repeats, in words, the corrupt offer, which he had previously made to Mr. Coxe in writing.
Verdict  Guilty on both counts of the Indictment.
*389 Dallas, (who had declined speaking on the facts before the jury) now moved in arrest of judgment, alledging that the Circuit Court could not take cognizance of the crime charged in the indictment. He premised, that, independent of the general question of jurisdiction, the indictment was exceptionable, in as much as it recited the act of Congress, making it the duty of the Secretary of the Treasury to form the contracts contemplated, but did not state the authority for devolving that duty on the Commissioner of the Revenue; and, consequently, it could not be inferred, that the corrupt offer was made to seduce the Commissioner, from the faithful execution of an official public trust, which was the gift of the prosecution. But, he contended, that the force of the objection to the jurisdiction, superseded the necessity of attending to matters of technical form and precision, in presenting the accusation. It will be admitted, that all the judicial authority of the Federal Courts, must be derived, either from the Constitution of the United States, or from the Acts of Congress made in pursuance of that Constitution. It is, therefore, incumbent upon the Prosecutor to shew, that an offer to bribe the Commissioner of the Revenue, is a violation of some Constitutional, or Legislative, prohibition. The Constitution contains express provisions in certain cases, which are designated by a definition of the crimes; by a reference to the characters of the parties offending; or by the exclusive jurisdiction of the place where the offences were perpetrated: but the crime of attempting to bribe, the character of a Federal officer, and the place, where the present offence was committed, do not form any part of the Constitutional express provisions, for the exercise of judicial authority in the Courts of the Union. The judicial power, however, extends, not only to all cases, in law and equity, arising under the Constitution; but, likewise, to all such as shall arise under the laws of the United States, (Art. 3. s. 2.) and besides the authority, specially vested in Congress, to pass laws for enumerated purposes, there is a general authority given "to make all laws which shall be necessary and proper for carrying into execution all the powers vested by the Constitution in the government of the United States, or in any department or office thereof." (Art. 1. Sect. 8.) Whenever, then, Congress think any provision necessary to effectuate the Constitutional power of the government, they may establish it by law; and whenever it is so established, a violation of its sanctions will come within the jurisdiction of this Court, under the 11th Section of the Judicial Act, which declares, that the Circuit Court "shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, &c." 1. Vol. Swift's Edit. p. 55. Thus, Congress have provided by law, for the *390 punishment of Treason, misprision of Treason, Piracy, counterfeiting any public Certificate, stealing or salsifying Records, &c; for the punishment of various crimes, when committed within the limits of the exclusive jurisdiction of the United States; and for the punishment of bribery itself in the case of a Judge, an Officer of the Customs, or an Officer of the Excise. 1. Vol. Swift's Edit. p. 100. Ibid. p. 236. s. 66. Ibid. p. 327. s. 47. But in the case of the Commissioner of the Revenue, the Act constituting the office does not create or declare the offence; 2. Vol. p. 112. s. 6. it is not recognised in the Act, under which proposals for building the Light-house were invited; 3. Vol. p. 63. and there is no other Act that has the slightest relation to the subject.
Can the offence, then, be said to arise under the Constitution, or the laws of the United States? And, if not, what is there to render it cognizable under the authority of the United States? A case arising under a law, must mean a case depending on the exposition of a law, in respect to something which the law prohibits, or enjoins. There is no characteristic of that kind in the present instance. But, it may be suggested, that the office being established by a law of the United States, it is an incident naturally attached to the authority of the United States, to guard the officer against the approaches of corruption, in the execution of his public trust. It is true, that the person who accepts an office may be supposed to enter into a compact to be answerable to the government, which he serves, for any violation of his duty; and, having taken the oath of office, he would unquestionably be liable, in such case, to a prosecution for perjury in the Federal Courts. But because one man, by his own act, renders himself amenable to a particular jurisdiction, shall another man, who has not incurred a similar obligation, be implicated? If, in other words, it is sufficient to vest a jurisdiction in this court, that a Federal Officer is concerned; if it is a sufficient proof of a case arising under a law of the United States to affect other persons, that such officer is bound, by law, to discharge his duty with fidelity;  a source of jurisdiction is opened, which must inevitably overflow and destroy all the barriers between the judicial authorities of the State and the general government. Any thing which can prevent a Federal Officer from the punctual, as well as from an impartial, performance of his duty; an assault and battery; or the recovery of a debt, as well as the offer of a bribe; may be made a foundation of the jurisdiction of this court; and, considering the constant disposition of power to extend the sphere of its influence, fictions will be resorted to, when real cases cease to occur. A mere fiction, that the defendant is in the custody of the marshal, has rendered the jurisdiction of the *391 King's Bench universal in all personal actions. Another fiction, which states the Plaintiff to be a debtor of the Crown, gives cognizance of all kinds of personal suits to the Exchequer: And the mere profession of an Attorney attaches the privilege of suing and being sued in his own Court. If, therefore, the disposition to amplify the jurisdiction of the Circuit Court exists, precedents of the means to do so are not wanting, and it may hereafter be sufficient to suggest, that the party is a Federal Officer, in order to enable this Court to try every species of crime, and to sustain every description of action.
But another ground may, perhaps, be taken to vindicate the present claim of jurisdiction: it may be urged, that though the offence is not specified in the Constitution, nor defined in any act of Congress; yet, that it is an offence at common law; and that the common law is the law of the United States, in cases that arise under their authority. The nature of our Federal compact, will not, however, tolerate this doctrine. The 12th article of the amendment, stipulates, that "the powers not delegated to the United States by the constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the People." In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterseiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offences against the law of nations. Art. 1. s. 8. And, so, likewise Congress may make all laws which shall be necessary and proper for carrying into execution the powers of the general government. But here is no reference to a common law authority: Every power is matter of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of a law. Congress had undoubtedly a power to make a law, which should render it criminal to offer a bribe to the Commissioner of the Revenue; but not having made the law, the crime is not recognized by the Federal Code, constitutional or legislative; and, consequently, it is not a subject on which the Judicial authority of the Union can operate.
The cases that have occurred, since the establishment of the Federal Constitution, confirm these general principles. The indictment against Henfield, and American citizen, for enlisting and serving on board a French privateer, while she captured a Dutch merchant ship, &c. expressly charged the defendant with a violation of the treaties existing between the United States and the United Netherlands, Great Britain, &c. which is a matter cognizable under the Federal authority by the very words of the Constitution. The jurisdiction in the indictment *392 against Ravara, was sustained by reason of the Defendant's official character as Consul.[*] And in a recent prosecution by the State of Pennsylvania against Sheaffer, in the Mayor's Court of Philadelphia, a motion in arrest of judgement was over-ruled by the Recorder (Mr. Wilcocks) though the offence consisted in forging claims to Land-Warrants, issuable under the resolutions of Congress; and although the cognizance of all crimes and offences, cognizable under the authority of the Union, is exclusively vested in the District and Circuit Courts.
Rawle (the Attorney of the District) observed, that the exception, taken in support of the motion in arrest of Judgement, struck at the root of the whole system of the national government; for, if opposition to the pure, regular, and efficient administration of its affairs, could thus be made by fraud, the experiment of force might next be applied; and doubtless with equal impunity and success. He concluded, however, that it was unnecessary to reason from the inconveniency and mischief of the exception; for, the offence was strictly within the very terms of the Constitution, arising under the laws of the United States. If no such office had been created by the laws of the United States, no attempt to corrupt such an officer could have been made; and it is unreasonable to insist, that merely because a law has not prescribed an express and appropriate punishment for the offence, that, therefore, the offence, when committed, shall not be punished by the Circuit Court, upon the principles of common law punishment. The effect, indeed, of the position is still more injurious; for, unless this offence is punishable in the Federal Courts, it certainly is not cognizable before any State tribunal. The true point of view for considering the case, may be ascertained, by an enquiry, whether, if Mr. Coxe had accepted the bribe, and betrayed his trust, he would not have been indictable in the Courts of the United States? If he would be so indictable, upon the strongest principles of analogy, the offence of the person who tempted him, must be equally the subject of animadversion before the same judicial authority. The precedents cited by the Defendant's Counsel, are distinguishable from the present indictment. The prosecution against Henfield was not expressly on the treaty, but on the law of nations, which is a part of the common law of the United States; and the power of indicting for a breach of treaty, not expressly providing the means of enforcing performance in the particular instance, is itself a common law power. Unless the judicial system of the United States justified a recourse to common law against an individual guilty of a breach of treaty, the offence, where no *393 specific penalty was to be found in the treaty, would, therefore, remain unpunished. So, likewise, with respect to Ravara, although he held the office of a Consul, he was indicted and punished at the common law. The offence charged in Respublica v. Shaffer, did not arise under the laws of the United States; but was simply the forgery of the names of private citizens, in order to defraud them of their rights; and even as far as the forgery might be supposed to deceive the public officers, it was a deception in regard to a mere official arrangement, for ascertaining transfers of donation claims, and not in regard to any act directed by law to be performed. But a further distinction presents itself. The donations to the soldiers were founded upon resolutions, of the United States in Congress, passed long before the adoption of the present Constitution. The Courts of the several States therefore held a jurisdiction of the offence, which, without positive words or necessary implication, was not to be divested. The case did not come within the expressions in the Constitution, "cases arising under the Constitution and laws of the United States," &c. nor has it been expressly provided for by any act under the present Constitution. The criminal jurisdiction of the Circuit Court, which, wherever it exists, must be exclusive of State jurisdiction, cannot, perhaps, fairly be held to operate retrospectively, by withdrawing from the State Judicatures powers they held, and duties they performed, previously to the Constitution, from which the Circuit Court derived its birth.
CHASE, Justice.
Do you mean, Mr. Attorney, to support this indictment solely at common law? If you do, I have no difficulty upon the subject: The indictment cannot be maintained in this Court.
Rawle, answering in the affirmative, CHASE, Justice, stopped M. Levy, who was about to reply, in support of the motion in arrest of judgment; and delivered an opinion to the following effect.
CHASE, Justice.
This is an indictment for an offence highly injurious to morals, and deserving the severest punishment; but, as it is an indictment at common law, I dismiss, at once, every thing that has been said about the Constitution and Laws of the United States.
In this country, every man sustains a two-fold political capacity; one in relation to the State, and another in relation to the United States. In relation to the State, he is subject to various municipal regulations, founded upon the State constitution and policy, which do not affect him in his relation to the United States: For, the Constitution of the Union, is the source of all the jurisdiction of the national government; so that the departments of the government can never assume any power, that is *394 not expressly granted by that instrument, nor exercise a power in any other manner than is there prescribed. Besides the particular cases, which the 8th section of the 1st article designates, there is a power granted to Congress to create, define, and punish, crimes and offences, whenever they shall deem it necessary and proper by law to do so, for effectuating the objects of the government; and although bribery is not among the crimes and offences specifically mentioned, it is certainly included in this general provision. The question, however, does not arise about the power; but about the exercise of the power:  Whether the Courts of the United States can punish a man for any act, before it is declared by a law of the United States to be criminal? Now, it appears to my mind, to be as essential, that Congress should define the offences to be tried, and apportion the punishments to be inflicted, as that they should erect Courts to try the criminal, or to pronounce a sentence on conviction.
It is attempted, however, to supply the silence of the Constitution and Statutes of the Union, by resorting to the Common law, for a definition and punishment of the offence which has been committed: But, in my opinion, the United States, as a Federal government, have no common law; and, consequently, no indictment can be maintained in their Courts, for offences merely at the common law. If, indeed, the United States can be supposed, for a moment, to have a common law, it must, I presume, be that of England; and, yet, it is impossible to trace when, or how, the system was adopted, or introduced. With respect to the individual States, the difficulty does not occur. When the American colonies were first settled by our ancestors, it was held, as well by the settlers, as by the Judges and lawyers of England, that they brought hither, as a birth-right and inheritance, so much of the common law, as was applicable to their local situation, and change of circumstances. But each colony judged for itself, what parts of the common law were applicable to its new condition; and in various modes, by Legislative acts, by Judicial decisions, or by constant usage, adopted some parts, and rejected others. Hence, he who shall travel through the different States, will soon discover, that the whole of the common law of England has been no where introduced; that some States have rejected what others have adopted; and that there is, in short, a great and essential diversity; in the subjects to which the common law is applied, as well as in the extent of its application. The common law, therefore, of one State, is not the common law of another; but the common law of England, is the law of each State, so far as each state has adopted it; and it results from that position, connected with the Judicial act, that the common law will always apply to suits between citizen and citizen, whether they are instituted in a Federal, or State, Court.
*395 But the question recurs, when and how, have the Courts of the United States acquired a common law jurisdiction, in criminal cases? The United States must possess the common law themselves, before they can communicate it to their Judicial agents: Now, the United States did not bring it with them from England; the Constitution does not create it; and no act of Congress has assumed it. Besides, what is the common law to which we are referred? Is it the common law entire, as it exists in England; or modified as it exists in some of the States; and of the various modifications, which are we to select, the system of Georgia or New Hampshire, of Pennsylvania or Connecticut?
Upon the whole, it may be a defect in our political institutions, it may be an inconvenience in the administration of justice, that the common law authority, relating to crimes and punishments, has not been conferred upon the government of the United States, which is a government in other respects also of a limited jurisdiction: but Judges cannot remedy political imperfections, nor supply any Legislative omission. I will not say whether the offence is at this time cognizable in a State Court. But, certainly, Congress might have provided, by law, for the present case, as they have provided for other cases, of a similar nature; and yet if Congress had ever declared and defined the offence, without prescribing a punishment, I should still have thought it improper to exercise a discretion upon that part of the subject.
PETERS, Justice.
Whenever a government has been established, I have always supported, that a power to preserve itself, was a necessary, and an inseparable, concomitant. But the existence of the Federal government would be precarious, it could no longer be called an independent government, if, for the punishment of offences of this nature, tending to obstruct and pervert the administration of its affairs, an appeal must be made to the State tribunals, or the offenders must escape with absolute impunity.
The power to punish misdemeanors, is originally and strictly a common law power; of which, I think, the United States are constitutionally possessed. It might have been exercised by Congress in the form of a Legislative act; but, it may, also, in my opinion be enforced in a course of Judicial proceeding. Whenever an offence aims at the subversion of any Federal institution, or at the corruption of its public officers, it is an offence against the well-being of the United States; from its very nature, it is cognizable under their authority; and, consequently, it is within the jurisdiction of this Court, by virtue of the 11th section of the Judicial act.
*396 The Court being divided in opinion, it became a doubt, whether sentence could be pronounced upon the defendant; and a wish was expressed by the Judges and the Attorney of the District, that the case might be put into such a form, as would admit of obtaining the ultimate decision of the Supreme Court, upon the important principle of the discussion: But the counsel for the prisoner did not think themselves authorised to enter into a compromise of that nature. The Court, after a short consultation, and declaring, that the sentence was mitigated in consideration of the defendant's circumstances, proceeded to adjudge,
That the defendant be imprisoned for three months; that he pay a fine of 200 dollars; and that he stand committed, 'till this sentence be complied with, and the costs of prosecution paid.
NOTES
[*] See ant. p. 297.