**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELVIN RUTH,
Plaintiff-Appellant,

v.

No. 98-1922

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Charles B. Day, Magistrate Judge.
(CA-97-1766-AW)

Submitted: November 24, 1998

Decided: December 31, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen F. Shea, WILLONER, CALABRESE & ROSEN, P.A., Col-
lege Park, Maryland, for Appellant. James A. Winn, Chief Counsel,
Region III, Patricia M. Smith, Deputy Chief Counsel, Andrew C.
Lynch, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; Lynne A. Battaglia, United States Attorney, Allen F. Loucks,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of disability insurance benefits. On December 1, 1993, Melvin H. Ruth, Jr. (Ruth) filed an application for disability alleging disability due to back problems following a seizure and fall at work. Ruth has a twelfth grade education and has relevant work experience as a painter.

The application was denied, and after a hearing on April 11, 1996, the Administrative Law Judge (ALJ) found that Ruth: (1) had not engaged in substantial gainful activity since April 15, 1993; (2) had had a post fracture of his T5-6 vertebrae and one grand mal seizure; (3) did not have an impairment or combination of impairments which meet or equal the criteria of any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Reg. 4 (1998); (4) was prevented from performing his past relevant work as a painter; and (5) had the residual functional capacity to perform a full range of sedentary work. Further, the ALJ relied upon the Medical Vocational Guidelines ("Grids") as a source of evidence that jobs existed in the national economy that Ruth could perform, and thus, found him not disabled.

The Appeals Council declined Ruth's request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981 (West 1998). Ruth then brought an action in the district court to review the Appeals Council's decision. Both parties consented to the exercise of jurisdiction by a magistrate judge under 28 U.S.C. § 636(c)(1). The magistrate judge denied Ruth's motion for summary judgment, granted the Commissioner's motion for summary judgment and affirmed the Commissioner's final decision to deny Ruth benefits. This appeal followed.

This Court must determine whether the Commissioner's findings are supported by substantial evidence, see Richardson v. Perales, 402

2

U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. The ALJ bears the ultimate responsibility for weighing the evidence and resolving its conflicts. See Hays, 907 F.2d at 1456. Ruth attributes the following errors to the Commissioner's decision: (1) the ALJ erroneously determined that Ruth had the residual functional capacity to perform a full range of sedentary work; (2) the ALJ erroneously applied the Grids in determining that Ruth was not disabled; (3) the ALJ improperly evaluated Ruth's complaints of pain; and (4) the ALJ erroneously found Ruth's complaints of pain not credible. Based on these alleged errors, Ruth asserts the Commissioner's decision was not supported by substantial evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the magistrate judge correctly found that the Commissioner's decision denying benefits is based on substantial evidence. Accordingly, we affirm on the reasoning of the magistrate judge. Ruth v. Apfel, No. CA-97-1766 AW (D. Md., May 26, 1998*). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Although the district court's judgment or order is marked as "filed" on May 22, 1998, the district court's records show that it was entered on the docket sheet on May 26, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).