UNITED STATES of America,
Plaintiff,

v.

Jonathon Duwayne MUTCHLER, Jerry
Lee Mutchler, James Earl Teets, and
Robert C. Sena, Defendants.

No. 4:04–CR–76.

United States District Court,
S.D. Iowa.

Sept. 9, 2004.

Defendant Johathon Duane Mutchler's attorney is: Mark E. Weinhardt, Esq., Des Moines, IA.

Plaintiff's attorney is Debra L. Scorpiniti, Esq., Assistant United States Attorney, Des Moines, IA.

## ORDER

PRATT, District Judge.

### I. INTRODUCTION

Before the Court is Defendant Jonathon Mutchler's Motion To Dismiss or Strike Superseding Indictment (Clerk's No. 52). Joining Defendant Jonathon Mutchler's motion are Defendants Robert C. Sena, James Teets, and Jerry Mutchler (Clerk's Nos. 60, 61, and 67). Both Defendant Jonathon Mutchler and Defendant James

Teets have filed Briefs in Support of Motion to Dismiss or Strike Superseding Indictment. (Clerk's Nos. 53 and 60). The Government has filed a Resistance to Joint Motion to Dismiss or Strike Superseding Indictment (Clerk's No. 63). In turn, Defendant Jonathon Mutchler filed a Reply Brief in Support of His Motion to Dismiss or Strike Superseding Indictment. (Clerk's No. 65).

The Defendants object to the Government's inclusion of four aggravating factors in a Superseding Indictment (Clerk's No. 43) as surplusage under Federal Rule of Criminal Procedure 7(d) and violative of their rights under the federal constitution. The aggravating factors are closely modeled on factors found in the United States Sentencing Guidelines. The Government asserts the inclusion of the aggravating factors in the Superseding Indictment is necessary should the United States Sentencing Guidelines be found unconstitutional under the principles set forth in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or, in the alternative, even if the factors are surplusage, they are not sufficiently prejudicial or inflammatory to justify striking them from the Superseding Indictment. The Court considers the Defendants' arguments persuasive and finds that the aggravating factors within the Superseding Indictment are prejudicial surplusage.

## II. ANALYSIS

A. *Fed.R.Crim.P. 7(d)—Superseding Indictment as post-*Blakely *Surplusage*

■ The purpose of an indictment is to inform the accused "of the nature and cause of the accusation" against him and to assure the accused is protected from being subject to the same offense and "be twice put in jeopardy of life or limb." U.S. Const. amends. V, VI; *see* Fed.R.Crim.P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite statement of the essential facts constituting the offense charged . . . ."); *Hamling v. United States*, 418 U.S. 87, 117–118, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) ("Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). The test for a sufficient indictment is whether it contains the elements of "the offense intended to be charged and sufficiently apprise[s] the defendant what he must be prepared to meet and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953) (citing *Cochran v. United States*, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704 (1895)).

■ "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d) (2004); *see* Fed.R.Crim.P. 7 advisory committee's notes ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."); *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (citing *Ford v. United States*, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793 (1927) for the proposition that "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'useless averment' that 'may be ignored' "). "A motion to strike surplusage from an indictment is addressed to the sound discretion of the District Court and should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain

inflammatory and prejudicial matter." *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir.1962).

In the present case, the original Indictment (Clerk's No. 1) charges *all four* Defendants with one count of Conspiracy to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(A), and 846. The Indictment goes on to allege the dates of the conspiracy, its intentionality, and the amount of methamphetamine distributed and manufactured

The aggravating factors added to the original charges are these:

1. In the course of committing the offense alleged in Count 1, and in preparation for that offense, and in the course of attempting to avoid detection or responsibility for that offense, the amount of methamphetamine that JONATHON DUWAYNE MUTCHLER, JERRY LEE MUTCHLER and JAMES EARL TEETS conspired to manufacture and distribute, and which was reasonably foreseeable to JONATHON DUWAYNE MUTCHLER, JERRY LEE MUTCHLER and JAMES EARL TEETS, was 15 kilograms or more of a mixture or substance containing methamphetamine, or 1.5 kilograms or more of actual methamphetamine;

2. In the course of committing the offense alleged in Count 1, and in preparation for that offense, and in the course of attempting to avoid detection or responsibility for that offense, the amount of methamphetamine that ROBERT C. SENA conspired to manufacture and distribute, and which was reasonably foreseeable to ROBERT C. SENA, was 1.5 kilograms or more of a mixture or substance containing methamphetamine, or 150 grams or more of actual methamphetamine;

3. The offense alleged in Count 1, which involved the manufacture of methamphetamine, created a substantial risk to human life and to the environment; and

4. Defendant JONATHAN DUWAYNE MUTCHLER was an organizer, leader manager, and supervisor of criminal activity that involved five or more participants and that was otherwise extensive, to wit, the conspiracy alleged in Count 1 of this Indictment.

Superseding Indictment at 2; Notice Regarding Superseding Indictment; *see* U.S.S.G. Manual § 2D1.1(a)(3)(providing similar language and drug amounts to form base offense levels in the first and second factors); § 2D1.1(b)(5)(B) (providing similar language used in the third factor); § 3B1.1(a),(b) (providing similar language used in the fourth factor).

■ The Government argues the addition of the aggravating factors is proper in the current uncertain post-*Blakely v. Washington* sentencing environment. *See Blakely*, —— U.S. at ——, 124 S.Ct. at 2536 (extending the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) to the Washington state sentencing guidelines: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The Government's concerns are understandable.[1] *See United States v.*

---

1. There is little question that the federal sentencing structure is built upon shifting sand. A *"Blakely* Statement of Reasons Form" now supplements the standard Statement of Reasons attached to the sentencing judgment form. The supplement inquires how a court

*Booker*, 375 F.3d 508, 511 (7th Cir.2004) ("It would seem to follow ... that *Blakely* dooms the [federal] guidelines insofar as they require sentences be based on facts found by a judge. The majority in *Blakely*, faced with dissenting opinions that as much as said that the decision doomed the federal sentencing guidelines, might have said, no it doesn't; it did not say that.") *cert. granted*, 2004 WL 1713654 (U.S. Aug.2, 2004) (No. 04–104). In the present case, if the factual basis for the aggravating factors may be required to be proven to a jury beyond a reasonable doubt, but are not included in the charging document, then the Defendants could stand to receive an unjust windfall should *Blakely* be found to apply to the United States Sentencing Guidelines. What's more, the *Blakely* majority explicitly welcomed adding enhancements or aggravating factors to indictments *provided that those aggravating factors which increase the penalty of the crime be statutory. See Blakely*, — U.S. at — – —, 124 S.Ct. at 2541–42 (explaining the diversity of elements will actually benefit defendants by giving them more bargaining chips during the plea negotiation process: "Every new element that a prosecutor can threaten to charge is also an element that a defendant can threaten to contest at trial and make the prosecutor prove beyond a reasonable doubt.") (emphasis added); *but see Blakely*, — U.S. at —, 124 S.Ct. at 2555 (noting that simply translating the current sentencing guidelines into statutory form would make for a statute so complex as to be unusable) (Breyer, J., dissenting).

The Defendants' central premise is that, because the aggravating factors are not "infamous crimes" under the Grand Jury

Clause of the Fifth Amendment, their inclusion in the Superseding Indictment deprives the Defendants of their substantive and procedural due process rights. *See* U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury ... nor shall any person ... be deprived of life, liberty, or property, without due process of law ...."). The Defendants argue that only Congress has the authority to criminalize conduct and so, because the aggravating factors are not statutory offenses with a basis in the United States Code, they may not be treated as elements of an infamous crime under the Fifth Amendment. *See Staples v. United States*, 511 U.S. 600, 604, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) ("The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute."); Fed.R.Crim.P. 7 advisory committee's notes ("[A]ny offense punishable by imprisonment for a term of over one year is an infamous crime."); *see also* Def. Teets' Br. in Supp. of Mot. to Dismiss or Strike Superseding Indictment at 2 (arguing the inclusion of the aggravating factors could so prejudice and mislead the jury that the Defendant[s'] rights under the Confrontation Clause of the Sixth Amendment are also violated). Indeed, the Defendants argue, since the aggravating factors are not properly "offenses against the laws of the United States" under 18 U.S.C. § 3231, this Court lacks the subject matter jurisdiction over the matters asserted in the aggravating factors.

---

applied the federal guidelines in a particular case and provides five options: 1) applied Guidelines and relevant enhancements; 2) found Guidelines unconstitutional in part and imposed a sentence in according with the

constitutionally applied portions of the Guidelines; 3) applied a discretionary sentence absent the Guidelines; 4) took some other action; and/or 5) chose to include an alternative sentence.

The Court agrees that the aggravating factors are not criminal conduct defined by Congress and, as such, have no place within the charging documents against the Defendants. *See United States v. Worrall,* 2 U.S. 384 (28 F. Cas. 774, 776) (1798) ("It will be admitted, that all the judicial authority of the Federal Courts, must be derived, either from the Constitution of the United States, or from the Acts of Congress made in pursuance of that Constitution."); *Kitchens v. Steele,* 112 F.Supp. 383, 386 (W.D.Mo.1953) ("[In] criminal cases ... [t]he jurisdiction of [Federal] Courts is wholly derived from Acts of Congress."); *see also* Fed. R.Crim.P. 7(c)(1) ("For each count, the indictment ... must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."). The Government makes no attempt to offer an "official or customary citation" to any of the aggravating factors except to insert language connecting the alleged conduct to Count One. While technically compliant with Rule 7(c)(1), which demands a citation only with each actual count, the lack of a statutory or regulatory basis for the aggravating factors clearly implies the Government is treading on new ground in an effort to conform to the possible changes in sentencing law after *Blakely.* However, the factors themselves are based in sentencing guidelines with the power to do nothing more "than fetter the discretion of sentencing judges to do what they have done for generations—impose sentences within the broad limits established by Congress." *See Mistretta v. United States,* 488 U.S. 361, 396–97, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (ruling that the Guideline Commission's placement within the Judicial Branch does not violate the separation of powers doctrine because the "methodology of rulemaking has been and remains appropriate to [the Judiciary]"). As a part of guidelines meant to act as procedural rules for the court, the aggravating factors do not provide sufficient authority to bring the allegations contained within them properly before a trier of fact in a United States courtroom.

The Government's concerns about the Defendants' possible windfall in the form of a reduced sentence are genuinely placed. However, the scenario in which the Guidelines are found unconstitutional as applied to the present case is still, technically, suppositional. What is not suppositional is that the presence of the aggravating factors within the charging documents as they now exist is unconstitutional. If the Government can properly indict one or more of the Defendants under United States law based upon the allegations in the aggravating factors it should do so. If not, the Court will consider the aggravating factors in due course as enhancements under the Guidelines, if the need arises, at sentencing.

### B. *Fed.R.Crim.P. 7(d)—Surplusage as Prejudicial*

In the alternative, the Government argues that, even if this Court does not share the Government's viewpoint regarding the post-*Blakely* scene, the aggravating factors should still remain in the charging documents because: 1) they provide Defendants notice; 2) district courts in other jurisdictions have condoned their inclusion; 3) they do not preclude any one Defendant from seeking a bifurcated trial or consenting to have the aggravating matters decided by the Court in the event of conviction; and 4) they are not prejudicial to extent drug quantities will be part of the evidence presented anyway. In other words, the Government does not believe the language prejudicial. In fact, the Government asserts, the Eighth Circuit has already approved inclusion of sentencing enhancement language within indictments. The Government cites *United States v. Bates,*

77 F.3d 1101 (8th Cir.1996) and *United States v. Washington*, 992 F.2d 785 (8th Cir.1993) for the proposition that enhancement language provides notice to the defendant from the start that the government seeks an enhanced sentence.

In *Bates*, the defendant claims he was provided no formal notice in the indictment or judgment providing that he would be sentenced to a mandatory fifteen-year minimum sentence for someone convicted of three prior convictions for a violent felony or serious drug incident as outlined in 18 U.S.C. section 924(e)(2). *Bates*, 77 F.3d at 1105. The fight in *Bates* was over the *absence of the citation* in the indictment and judgment to the applicable code section. *See id.* (explaining that the government had charged the defendant under § 924(e)(1) which carried only a ten-year minimum). The Eighth Circuit ruled that despite the failure of the government to include the citation, the defendant was under sufficient notice to "investigate his earlier convictions and to challenge the requirements of § 924(e)(1)." *Id.* In *Washington*, the defendant claimed prejudice based on the inclusion of a four-word phrase—"for crimes of violence"—in the indictment read to the jury at the opening of his trial. *Washington*, 992 F.2d at 787. The Eighth Circuit ruled that, in light of the overwhelming evidence against the defendant and the allowable evidence that showed the defendant was convicted of two aggravating robberies, the four-word surplusage was harmless. *Id.* at 788. In the present case, the aggravating factors allege separate drug amounts, substantial risk to human health and the environment, and conspiracy leadership. None of these factors, unlike the language in *Bates* and *Washington*, is based in statutory language. Also, compared to the incidental language issues in both *Bates* and *Washington*, the aggravating factors in the present case invite the jury to consider a long narrative of highly prejudicial and confusing allegations involving some, but not all, of the defendants untethered to the statutory basis for the original count one in the Indictment.

The Government asserts other jurisdictions have condoned the inclusion of Guideline language to comport with *Blakely*. That is well and good, but those decisions are persuasive authority and not considered binding upon this Court. Thus far, the Eighth Circuit has declined to decide on the constitutionality of the United States Sentencing Guidelines. *See United States v. Lucca*, 377 F.3d 927, 934 (8th Cir.2004) (declining to decide the "ramifications of *Blakely* for the constitutionality of the United States Sentencing Guidelines," but affirming the conviction of the defendant who admitted to the drug amount at issue in his plea agreement); *but see United States v. Pirani*, No. 03–2871, 2004 U.S.App. Lexis 16177, at * 22 (8th Cir. Aug. 5, 2004) (holding that "*Blakely* extends to the Sentencing Guidelines at least to the extent they require the courts to impose punishment based on judicially found facts"), *vacated and rehearing granted by United States v. Pirani*, 2004 U.S.App. Lexis 17012 (8th Cir. Aug. 16, 2004); *United States v. Mooney*, No. 02–3388, 2004 U.S.App. Lexis 15301 at * 43 (8th Cir. July 23, 2004) (holding that the Guidelines, as an integrated regime, must necessarily be viewed as unconstitutional in their entirety under *Blakely* ), *vacated and rehearing granted by United States v. Mooney*, 2004 U.S.App. Lexis 16302 (8th Cir. Aug. 6, 2004). In the meanwhile, this Court will decide *Blakely* issues as they are presented on a case by case basis. In this case, while it is true the Defendants could seek a bifurcated trial or consent to have aggravating matters decided by the Court, the central issue remains that the factors in the indictment should only be included if they are actual crimes as defined by Congress.

Finally, the Government asserts that because drug quantities will be placed into evidence anyway, the aggravating factor containing drug amounts is not inflammatory. Perhaps not, but it is confusing. There is no good reason to place in the charging language separate drug amounts that burden a jury with unnecessary complexity. Additionally, this Court has consistently applied the Supreme Court's ruling in *Apprendi v. New Jersey* in drug cases by placing before the jury the particular drug amount necessary to establish the minimum and mandatory sentences as provided by statute 21 U.S.C. § 841. *See Apprendi,* 530 U.S. at 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (affirming that "trial by jury has been understood to require the truth of every accusation ... should be confirmed by the unanimous suffrage of twelve of the [the defendant's] equals and neighbors") (internal citations omitted). Short of an Act of Congress that establishes a particular drug amount, or for that matter, any of the aggravating factors, as a necessary element of an offense under United States law, this Court will only allow the jury to consider indictment allegations of drug amounts consistent with findings required to apply federal statutory penalties.

For the reasons set forth above, the Court finds each of the aggravating factors in the Superseding Indictment to be prejudicial surplusage. "The proper remedy where allegations of an indictment are unnecessary or prejudicial is not by motion to dismiss the whole indictment or an entire count thereof, but by motion to strike the claimed surplusage." *Dranow, v. United States,* 307 F.2d 545, 558 (8th Cir.1962).

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Strike Superseding Indictment (Clerk's No. 52) is GRANTED and the aggravating factors contained in the Superseding Indictment (Clerk's No. 43) and Notice Regarding Superseding Indictment (Clerk's No. 45) are STRICKEN as prejudicial surplusage under Fed. R.Crim.P. 7(d). The case will proceed under the language of Count 1 as stated in the original Indictment (Clerk's No. 1) and as that original language is reflected in the Superseding Indictment. (Clerk's No. 43).

IT IS SO ORDERED.