**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY M. PELOZA,

Defendant-Appellant.

No. 07-3065

(D. of Kan.)

(D.C. No. 98-CR-10035-MLB)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Gary M. Peloza pleaded guilty to one count of unlawful possession with the intent to distribute ten ounces of a mixture containing methamphetamine. The United States District Court for the District of Kansas sentenced him to 120 months in prison to be followed by five years of supervised release. Peloza's term of supervised release began on February 2, 2007. When Peloza met with his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

probation officer three days later, he refused to agree to abide by the conditions of his supervised release. Peloza was unwilling to sign a form agreeing to the conditions of supervised release, submit a urine sample, or participate in a drug and alcohol treatment program.

The district court held a hearing on February 20, 2007, and concluded that Peloza violated the terms of his supervised release. The court revoked Peloza's supervised release and sentenced him to 36 months in prison.

On appeal, Peloza argues the revocation should be vacated because the district court lacked jurisdiction. We reject Peloza's argument and AFFIRM the district court's order.

I.

We review a challenge to the district court's jurisdiction de novo. *United States v. Roberts*, 185 F.3d 1125, 1129 (10th Cir. 1999). Peloza first argues the revocation of the supervised release is void because the court lacked jurisdiction to impose the original sentence. His argument is based on the premise that the Constitution limits the criminal jurisdiction of federal district courts to the specific geographic locations described in Article I, section 8, clause 17 of the United States Constitution.[1] He further argues because the prosecution failed to produce

---

[1] The clause states,

To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of

(continued...)

evidence establishing that the crime took place in such a geographic location, the district court lacked jurisdiction. [Aplt. Br. 14–15.]

We rejected a similar argument in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).  In *Collins*, we explained, "18 U.S.C. § 3231 . . . explicitly vests federal district courts with jurisdiction over all offenses against the laws of the United States."  *Id.* (internal quotations marks omitted).  Furthermore, "Article I, section 8 of the United States Constitution . . . empowers Congress to create, define and punish crimes, irrespective of where they are committed."  *Id.* (citing *United States v. Worrall,* 2 U.S. (2 Dall.) 384, 393 (1798)).  Because Peloza was charged with a federal offense, the district court had jurisdiction to impose the original sentence.  *Id.*

Peloza also argues the revocation order is void because the district court lost jurisdiction over him on or before March 23, 1999, when the United States Marshals Service delivered him to the Federal Bureau of Prisons to serve his sentence.  We find this argument unpersuasive.

---

[1](...continued)
particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings. . . .

U.S. Const. art. I, § 8, cl. 17.

When a district court imposes a sentence, it "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." 18 U.S.C. § 3583(a). The court that sentences the defendant retains jurisdiction to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of evidence that the defendant violated a condition of supervised release." *Id.* § 3583(e)(3). *Cf. United States v. Bailey*, 259 F.3d 1216, 1219 (10th Cir. 2001) ("[A] district court has jurisdiction to revoke a term of supervised release where the summons was issued during the term but the revocation hearing was not held until after the term expired, as long as the hearing is held within a reasonable time.").

In this case, Peloza's sentence included five years of supervised release. The district court held the revocation hearing before the five years elapsed, and the court properly concluded Peloza violated conditions of his supervised release. Therefore, we reject Peloza's argument that the district court lacked jurisdiction over the matter.

## II.

Accordingly, the district court's sentence is AFFIRMED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-4-